Mark H Hutchings, Esq.
Nevada Bar No. 12783
**HUTCHINGS LAW GROUP, LLC**
552 E. Charleston Blvd.
Las Vegas, Nevada 89104
Telephone: (702) 660-7700
Facsimile: (702) 552-5202
MHutchings@HutchingsLawGroup.com

*Attorneys for plaintiff Tiawna Finch*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TIAWNA FINCH, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>M1 SUPPORT SERVICES, L.P., a Texas limited partnership; DOES 1-10, business entities, forms unknown; DOES 11-20, individuals; and DOES 21-30, inclusive,<br><br>            Defendants. | Case No.<br><br>Dept. No.<br><br>**Plaintiff's Complaint For:**<br><br>1. **First Amendment Retaliation (42 U.S.C. §1983);**<br>2. **Wrongful Termination in Violation of Public Policy**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Exempt from Arbitration:**<br>     Claim in Excess of $50,000 |

**PLAINTIFF'S COMPLAINT**

Plaintiff Tiawna Finch ("Plaintiff") hereby files this Complaint against M1 Support Services, L.P., and DOES 1-30 (collectively, "Defendants"). Plaintiff is informed and believes, and based thereon alleges, as follows:

**I.  INTRODUCTION**

1. Plaintiff files this action to recover damages and remedies afforded by law pursuant to the common law of the State of Nevada, 42 U.S.C. § 1983, and 42 U.S.C. §1988, because of Defendant's unlawful, and retaliatory conduct toward Plaintiff.

2. Plaintiff brings this action against Defendant for lost wages including back pay and front pay, emotional distress and other compensatory damages, interest, attorneys' fees and costs, and other appropriate relief as determined by the Court.

**II.  PARTIES, JURISDICTION, AND VENUE**

3. At all times herein mentioned, Plaintiff Tiawna Finch was an individual residing within the State of Nevada, County of Clark.

4. At all times herein mentioned, Defendant M1 Support Services, L.P. was and is a limited partnership organized under the laws of the State of Texas, licensed to do business in the State of Nevada, and, in concert with other Defendants, were and are doing business therein, including in the County of Clark

5. The principal place of business of Defendant M1 Support Services, L.P. is located in the State of Texas at 300 N. Elm Street, Suite #101, Denton, TX 76201.

6. At all times herein mentioned, defendant M1 Support Services, L.P. maintained a place of business in the State of Nevada, County of Clark, at 5930 Rickenbacker Rd., Bldg. 328, Nellis AFB, NV 89191.

7. At all times herein mentioned, DOES 1 through 30 were headquartered or residing in the State of Nevada, or licensed to do business or actually doing business therein, including the County of of Clark.

8. The true names and/or capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 30, inclusive, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and based

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

thereon alleges, that each of the defendants designated herein by fictitious name is in some manner responsible for the events and happenings herein referred to, and caused damages proximately and foreseeably to plaintiff as hereinafter alleged. Plaintiff asks leave of the Court to amend this Complaint when the true names and capacities of said defendants have been ascertained.

9.	Whenever it is alleged in this Complaint that a party did any act or thing, it is meant that such party's officers, agents, employees, or representatives did such act or thing and at the time such act or thing was done, it was done with full authorization or ratification of such party or was done in the normal and routine course and scope of business, or with the actual, apparent and/or implied authority of such party's officers, agents, servants, employees, or representatives. Specifically, parties are liable for the actions of their officers, agents, servants, employees, and representatives.

10.	Each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants as each Defendant has ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said acts, making each of the Defendants an agent of the other and making each of the Defendants jointly responsible and liable for the acts and omissions of each other as alleged herein.

11.	The jurisdiction of this Court arises under the United States Constitution, Article III, Section 2, and 28 USC 1331 to redress the wrongful termination and retaliation against Plaintiff in violation of her rights under the First Amendment to the United States Constitution and 42 U.S.C. §1983. Pursuant to 28 U.S.C. §1367, the Court may also exercise pendant jurisdiction over Plaintiff's state law claims because they arise from a common nucleus of operative fact with the federal claims.

12.	Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(1) and (2), wherein Defendant resides and/or regularly conducts business and where the wrongful conduct is alleged to have occurred.

13.	Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. §1411.

/ / /

/ / /

/ / /

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

### III. FACTUAL ALLEGATIONS

14. Defendant provides contracted aircraft maintenance and related services to the United States Airforce, Army, and Navy, along with other Federal agencies.

15. Defendant exclusively contracts its services to United States Federal agencies.

16. Defendant employs more than six thousand employees, including more than fifty employees at 5930 Rickenbacker Rd., Bldg 328, Nellis AFB, NV 89191, where Plaintiff worked.

17. Upon information and belief, the United States owns the land and the facilities at 5930 Rickenbacker Rd., Bldg 328, Nellis AFB, NV 89191 where Defendant is contracted to perform services.

18. Plaintiff accepted an offer letter from Defendant on January 10, 2016, with an anticipated start date of March 1, 2016.

19. Plaintiff began her employment with Defendant on March 1, 2016 as an HR/Security Administrator supporting the Nellis AFB Backshop Maintenance Contract.

20. As an HR/Security Administrator, Plaintiff was contracted to receive an annual salary of $52,000.

21. On or around June 19, 2020, at or around 11:53 pm, Plaintiff was at her home using her personal computer when she chose to post on her personal Facebook page.

22. Plaintiff was not at work or in the capacity of her employment for Defendant at the time.

23. Plaintiff, on her personal Facebook page, posted a status political in nature, as a reflection of her personal viewpoints regarding current events.

24. Plaintiff's post read: "Let's be honest, it is really African American's that are racist against Caucasians. When was the last time you heard an Asian, Hispanic, American Indian or Pacific Inlander make the types hatred comments? It has been 400 years. During that time everyone that truly hated this country could have returned to their homeland. America was where your ancestors wanted to be. So why are you destroying the historical monuments? People that made this country great. The President that fought to stop slavery. My heart hurts. All of the culture of the United States is being dismembered by a handful of people."

25. Plaintiff's posting did not reference her job or position with Defendant's company.

HUTCHINGS LAW GROUP, LLC
552 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

26. Plaintiff's posting, while it could be seen as unpopular speech, was her opinion on a current event, was her individual viewpoint, and was posted on her personal Facebook page for the purpose of engaging in debate on a topic of public interest.

27. On June 22, 2020, Defendant, through its Human Resources Director Cheryl A. Shaw, hand delivered Plaintiff a letter terminating her employment.

28. The letter stated that Plaintiff was terminated for "violation of the Company's Employee Handbook; Conduct warranting disciplinary action; Social Media; and M1's Code of Ethics and Business Conduct."

29. The letter stated that the conduct for which Plaintiff was terminated was her June 19, 2020 Facebook post described above.

30. The letter stated that "[a]s a result of your inappropriate actions M1 received complaints from numerous members of management and employees of the Nellis Team," and that Plaintiff's "poor judgment and unacceptable behavior will not be tolerated and has resulted the termination of your employment."

31. Defendant attached a copy of Plaintiff's Facebook post to her letter of termination.

## IV.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FIRST AMENDMENT RETALIATION
### 42 U.S.C. § 1983
### (Against all Defendants)

32. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 31 above as though fully set forth herein.

33. 42 U.S.C. §1983, *et seq*., states that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

/ / /

34. The First Amendment of the Constitution of the United States of America states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

35. The First Amendment has been interpreted as 'Freedom of Speech,' and state actors are prohibited from infringing on speech.

36. "It is clearly established that a State may not discharge an employee on a basis that infringes that employee's constitutionally protected interest in freedom of speech." *Perry v. Sindermann*, 408 U.S. 593, 597 (1972).

37. As a contractor that provides for the maintenance of aircraft for the United States Armed Forces, M1's business activities are so intertwined with the purposes and aims of the United States government that M1 is a joint participant, partner, or joint venturer in the enterprise of providing for the national defense.

38. Defendant is and was, at all times relevant, considered a 'state actor' as it exercises as its business a function traditionally exclusively reserved to the State, in its contracts with Federal agencies and maintenance of equipment belonging to the Federal government.

39. As a state actor, M1 is required to observe certain minimum constitutional protections with respect to the private, off-duty actions of its employees. These observations include a prohibition upon retaliation against an employee for exercising First Amendment rights to free speech in matters of public concern or public debate while off-duty.

40. Plaintiff is and was, at all times relevant, an employee of Defendant.

41. Plaintiff's Facebook post on Plaintiff's personal Facebook page outside of Plaintiff's employment with Defendant was private speech.

42. Plaintiff was terminated because of her private speech, because of her Facebook post.

43. Defendant attached the Facebook post to the termination letter and explicitly stated Plaintiff was terminated because of the post.

44. Defendant retaliated against Plaintiff for her private speech by terminating Plaintiff because of Plaintiff's Facebook Post.

45. Plaintiff's Facebook post was the sole factor in Defendant's behavior, decision to take adverse employment actions against Plaintiff, and retaliation against Plaintiff in violation of 42 U.S.C. §1983.

46. Defendant had no adequate justification for treating Plaintiff differently for her off-duty speech than it treats other members of the general public.

47. Any interest M1 had in prohibiting the exercise of free speech granted to Plaintiff under the First Amendment was not narrowly tailored to achieve a compelling government interest.

48. In the absence of her exercise of her rights to free speech, M1 would not have terminated Plaintiff from her position of employment.

49. Defendant authorized and ratified the wrongful acts of their agents and employees, knew that their agents and employees were committing such acts, and continued to employ them with no restrictions or discipline.

50. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, loss of enjoyment of life, and emotional distress; and (2) loss of past and future earnings, status and future status, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages in an amount to be established according to proof at trial. Plaintiff further seeks an award of pre- and post-judgment interest on these amounts as well as any other remedy afforded by law or in equity.

51. As a direct and proximate result of Defendant's violation of 42 U.S.C. 1983, Plaintiff has been compelled to retain the services of counsel and has and will continue to incur legal fees and costs. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b)-(c), and any other applicable provision of law.

## SECOND CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants)

52. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 51 above as though fully set forth herein.

/ / /

53. Irrespective of any employment contract, Defendant's right to discharge Plaintiff was subject to limits imposed by the public policy of the State of Nevada.

54. It is settled law that an employer's discharge of an employee in violation of a fundamental public policy embodied in a constitutional or statutory provision gives rise to a tort action for wrongful termination in violation of public policy.

55. Defendant's discharge of Plaintiff violated the public policy of the State of Nevada, as expressed, for example, in Article 1, Section 9 of the Nevada Constitution.

56. Defendant's decision to terminate Plaintiff was substantially motivated by Plaintiff's exercise of her right to free speech; as such, there was a causal connection between Plaintiff's protected status and activities and Plaintiff's termination, and the termination was a substantial factor in causing the harm to Plaintiff alleged herein.

57. Defendant authorized and ratified the wrongful acts of its agents and employees, knew in advance or should have known that these agents and employees were likely to commit such acts and employed them with conscious disregard of the rights or safety of others, and/or their officers, directors, or managing agents themselves engaged in retaliatory conduct toward Plaintiff.

58. As a result of Defendant's unlawful termination of Plaintiff's employment, Plaintiff has suffered and will continue to suffer (a) substantial humiliation, serious mental anguish, and emotional distress; and (b) loss of past and future earnings, status and future status, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages in an amount to be established according to proof at trial. Plaintiff further seeks an award of pre and post-judgment interest on these amounts, pursuant to NRS 17.130(2) and any other applicable provision of law.

59. As a further direct and proximate result of Defendants' unlawful conduct, Plaintiff has been compelled to retain the services of counsel and has necessarily incurred, and will continue to incur, attorneys' fees and costs in this action. Plaintiff requests an award of such attorneys' fees and costs.

/ / /

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

1. For an award of all actual, compensatory, consequential, and incidental damages suffered by Plaintiff as a result of Defendant's unlawful conduct, including lost wages, past wages, future wages, loss of past and future status, lost employment benefits, mental and emotional distress, and other special and general damages in an amount to be established according to proof at trial;

2. For an award of Plaintiff's attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b), and any other applicable statutory or contractual basis;

3. For an award of pre- and post-judgment interest pursuant to NRS 17.130(2), and any other applicable statutory or contractual basis; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: April 22, 2021                    HUTCHINGS LAW GROUP, LLC

By: /s/ Mark H. Hutchings
Mark H. Hutchings, Esq.
NV Bar No. 12783
552 E. Charleston Blvd.
Las Vegas, NV 89104
Telephone: (702) 660-7700
mhutchings@hutchingslawgroup.com
*Attorneys for plaintiff Tiawna Finch*