# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TIAWNA FINCH,<br><br>  Plaintiff(s),<br><br>v.<br><br>M1 SUPPORT SERVICES, L.P.,<br><br>  Defendant(s). | Case No. 2:21-cv-00669-RFB-NJK<br><br>**Order**<br><br>[Docket No. 18] |

Pending before the Court is a stipulation to extend the discovery cutoff by 60 days. Docket No. 18. A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The instant stipulation is premised on difficulties in scheduling Plaintiff's deposition. Docket No. 18 at 3. Other than referring in general terms to "significant calendar conflicts," no details are provided. Indeed, no explanation has been provided as to why this deposition cannot be scheduled within the more than two weeks in the current discovery period, *cf. Charm Floral v. Wald Imports, Ltd.*, 2012 U.S. Dist. Lexis 16007, at *6-7 (W.D. Wash. Feb. 9, 2012) (collecting cases that "more than one week's notice generally is considered reasonable" for depositions), let alone why an additional two months would be required to schedule this deposition.

Accordingly, the stipulation for extension is DENIED without prejudice.

IT IS SO ORDERED.

Dated: October 29, 2021

                                                                           _____
                                                                           Nancy J. Koppe
                                                                           United States Magistrate Judge

1